UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMILEY JAMES HARRIS<br>a/k/a JAMES LaVELL HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>LAKE COUNTY JAIL; et al.,<br><br>    Defendants.<br>_____/ | No. C 09-5214 SI (pr)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Smiley James Harris a/k/a James LaVell Harris, formerly an inmate at the Lake County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint in this action, Harris claimed that the book swap policy in his housing unit was unduly restrictive. The complaint alleged the following: Harris was housed in Pod B of the jail on permanent maximum security housing status. In that housing pod, inmates were allowed out of their cells for one hour every 48 hours. Inmates in Pod B were allowed only two books in their cell – a religious book and one other book – and had no televisions in their cells. Until September 8, 2009, inmates in Pod B were allowed to exchange their one non-religious book for another book on the book cart during the time they were released from their cells once every 48 hours. On or about September 8, 2009, the policy changed and the inmates were limited

to exchanging their non-religious books once every 72 hours or once every 96 hours and required to do it under staff supervision. This change resulted "from alleged abuse by Pod B inmates of the available book cart. This restriction of the book cart is/was not challenged because of the alleged abuse of the book cart by Pod B inmates." Complaint, p. 4. On September 20, 2009, the policy changed again, and the book exchange was limited to once every 168 hours. On October 19, 2009, the book cart was removed from Pod B without notice or just cause. (Harris suggested that the removal was permanent, but his complaint was written just two days after the unexplained removal of the cart.) Harris thought this policy was unfair to new inmates entering the pod after the abuses that prompted the policy change. He was not such an inmate, however, because he was there before the policy change. He believes that "the average Pod B inmate has read his one (1) other book within forty-eight (48) hours." Complaint, p. 4. Harris alleged that this rule change amounted to cruel and unusual punishment.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

At the relevant time, Harris was in the jail serving a sentence on a March 3, 2009 conviction. See Harris v. State of California, Case No. C 09-2829 SI, Petition, p. 2. Because he was a convicted prisoner, his claim is considered under the Eighth Amendment rather than

the Fourteenth Amendment.

The treatment a prisoner receives in jail and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment, which does not mandate comfortable jails but also does not permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prisoner claiming an Eighth Amendment violation must show two things: (1) the deprivation alleged must be, objectively, sufficiently serious and (2) the jail official possesses a sufficiently culpable state of mind. Farmer, 511 U.S. at 834.

The Eighth Amendment imposes duties on jailers to provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See id. at 832. Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. See, e.g., Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (8th Amendment excludes from constitutional recognition de minimis uses of force); Anderson v. County of Kern, 45 F.3d 1310, 1314-15 (9th Cir.) (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain), amended, 75 F.3d 448 (9th Cir. 1995); Hernandez v. Denton, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without mattress for one night is insufficient to state 8th Amendment violation and no amendment can alter that deficiency), judgment vacated on other grounds, 493 U.S. 801 (1989); DeMallory v. Cullen, 855 F.2d 442, 444 (7th Cir. 1988) (correctional officer spitting upon prisoner does not rise to level of constitutional violation); Holloway v. Gunnell, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); Miles v. Konvalenka, 791 F. Supp. 212 (N.D. Ill. 1992) (single instance of finding mouse in food not actionable); Vaga v. Parsley, 700 F. Supp. 879 (W.D. Tex. 1988) (burned out light bulb, promptly replaced, does not violate 8th Amendment); Evans v. Fogg, 466 F. Supp. 949 (S.D.N.Y. 1979) (no claim stated by prisoner confined for 24 hours in refuse strewn cell and for two days in flooded cell).

The limits on access to the book cart and even the elimination of the book cart did not amount to cruel and unusual punishment. The deprivation of books for prisoners to read for

3

pleasure simply was not a sufficiently serious condition to satisfy the objective prong of an Eighth Amendment claim. The claim must be dismissed. Leave to amend will not be granted because it would be futile.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed without leave to amend because it fails to state a claim upon which relief may be granted. The clerk shall close the file.

IT IS SO ORDERED.

Dated: April 1, 2010

_____
SUSAN ILLSTON
United States District Judge

4